IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTEL AND CARMELITA CLARK,

    Plaintiffs,

vs.                                                                   No. CIV 03-552 JP/RLP

UNITED FOOD AND COMMERCIAL
WORKERS INTERNATIONAL UNION
LOCAL 951, MEIJER, INC. and MEIJER
STORES LIMITED PARTNERSHIP,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On May 30, 2003, Defendants Meijer, Inc. and Meijer Stores Limited Partnership (the Meijer Defendants) filed Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 3) along with Memorandum in Support of Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 4), to which the Affidavit of Robert VerHeulen was attached as Exhibit 2.  On June 10, 2003, Plaintiffs filed Plaintiffs Response to the "Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. No. 5) and an Amended "Complaint" (Doc. No. 6) without obtaining leave of court or consent of the Defendants.  On June 17, 2003, Defendants Meijer Stores Limited Partnership and Meijer, Inc. filed Defendants' Reply to Response to Defendants Meijer Stores Limited Partnership Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 9).  On June 23, 2003, the Meijer Defendants filed Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof (Doc. No. 11) to which Plaintiffs filed a

response (Doc. No. 12) on July 3, 2003.  On July 14, 2003, the Meijer Defendants filed Defendants Meijer's Reply to Response to Motion to Strike (Doc. No. 19).  Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 3) and the Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof (Doc. No. 11) both will be granted and this action will be dismissed **without prejudice** as to Defendants Meijer Stores Limited Partnership and Meijer, Inc. so that Plaintiffs may pursue their claims against those Defendants in a court that might have personal jurisdiction over them.

On July 28, 2003, Plaintiffs filed "**Plaintiffs' Motion to Strike** the Defendants "Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof" **And Immediately Dismiss all Defendants' Pending Motions**" (Doc. No. 20), which will be denied as moot.

**Motion to Dismiss for Lack of Personal Jurisdiction**

The Meijer Defendants base their Motion to Dismiss for Lack of Personal Jurisdiction on FED. R. CIV. P. 12(b)(2) and in support have established the following uncontroverted facts through the Affidavit of Robert VerHeulen.  Meijer, Inc. is a Michigan corporation with its principal place of business in Grand Rapids, Michigan.  Meijer Stores Limited Partnership is a partnership formed in Michigan under Michigan law.  The Meijer Defendants are family-owned. They operate grocery and general merchandise stores in Michigan, Illinois, Indiana, Ohio and Kentucky.  The Meijer Defendants own no property in New Mexico and have no stores or facilities of any kind in New Mexico.  They have never been registered to do business in New Mexico and have never conducted business in New Mexico.  They have no employees or agents in

New Mexico.

The allegations in Plaintiffs' original complaint and Plaintiffs' amended complaint about conduct of the Meijer Defendants that purportedly makes them liable to Plaintiffs all involve matters that occurred within the State of Michigan.  The Plaintiffs have not alleged that the Meijer Defendants ever did anything in the State of New Mexico that supports their claims against the Meijer Defendants.  Plaintiffs have not alleged that the Meijer Defendants transacted any business in the State of New Mexico or that they committed any tortious act within the State of New Mexico.

The United States District Court for the District of New Mexico would have jurisdiction over Defendants Meijer Stores Limited Partnership and Meijer, Inc. if they could be subjected to the jurisdiction of a court of general jurisdiction in the State of New Mexico.  FED. R. CIV. P. 4(k)(1)(A).  New Mexico's long arm statute, N.M.S.A. 1978, §38-1-16 (1998 Repl. Pamp.) authorizes the courts of general jurisdiction in the State of New Mexico to exercise personal jurisdiction over a defendant who is not a resident or citizen of New Mexico in an action arising from "(1) the transaction of any business within this state . . ." or "(3) the commission of a tortious act within the state . . ."

When a defendant has challenged the personal jurisdiction of a court over the defendant, the plaintiff has the burden of proving that jurisdiction exists.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  The Affidavit of Robert VerHeulen sets forth undisputed facts that the Meijer Defendants neither transacted business within the State of New Mexico nor committed any tortious act within the State of New Mexico.  Plaintiffs have not presented, either in their pleadings or in an affidavit, facts that raise any controversy on these issues.  Moreover, Plaintiffs

have not shown, as they are required to, that the Meijer Defendants have sufficient minimal contacts with the State of New Mexico to meet the requirements of due process before a court in the State of New Mexico can establish personal jurisdiction over them.  <u>International Shoe Company v. State of Washington</u>, 326 U.S. 310 (1945).  Therefore, Plaintiffs' action against Defendants Meijer Stores Limited Partnership and Meijer, Inc. must be dismissed for lack of personal jurisdiction in this court.  However, the dismissal will be **without prejudice** to Plaintiffs filing suit against the Meijer Defendants in a court that would have personal jurisdiction over them.

**Motion to Strike Plaintiffs' Amended Complaint**

The Meijer Defendants had responded to the Plaintiffs' original complaint by filing their Motion to Dismiss for Lack of Personal Jurisdiction before Plaintiffs, without leave of court or consent of the Meijer Defendants, filed their amended complaint.  Consequently, Plaintiffs' amended complaint should be stricken in accordance with FED. R. CIV. P. 15(a).  However, none of the allegations in Plaintiffs' amended complaint tend to establish personal jurisdiction in this court over the Meijer Defendants and since the Meijer Defendants' Motion to Dismiss for Lack of Personal Jurisdiction must be granted, the striking of Plaintiffs' amended complaint as to the Meijer Defendants is of no consequence.

**Plaintiffs' Motion to Strike**

Because of this court's lack of personal jurisdiction over the Meijer Defendants, Plaintiffs' recently-filed "**Plaintiffs' Motion to Strike** the Defendants "Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof" **And Immediately Dismiss all Defendants' Pending Motions**" (Doc. No. 20) will be

4

denied as moot.

    IT IS THEREFORE ORDERED THAT:

1. Defendants Meijer Stores Limited Partnership and Meijer, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 3) is granted and this action is dismissed, **without prejudice**, as to Defendants Meijer Stores Limited Partnership and Meijer, Inc.;

2. The Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof (Doc. No. 11) is granted and Plaintiffs' Amended Complaint is stricken as to Defendants Meijer Stores Limited Partnership and Meijer, Inc.; and

3. "**Plaintiffs' Motion to Strike** the Defendants "Motion to Strike Plaintiffs' Amended Complaint and Dismiss Plaintiffs' Original Complaint and Memorandum in Support Thereof" **And Immediately Dismiss all Defendants' Pending Motions**" (Doc. No. 20) is denied.

                _____
                CHIEF UNITED STATES DISTRICT JUDGE